PER CURIAM.
We reverse the order suppressing evidence obtained pursuant to a court-ordered wiretap. The trial court concluded that the affidavit in support of the wiretap did not establish probable cause for issuance of the order. Our de novo review leads us to the contrary conclusion.
The voluminous and detailed affidavit highlights facts to support the conclusion that the two confidential informants relied on by the affiant were reliable, and that the two informants provided substantial facts to link Appellee to an ongoing criminal conspiracy to traffic in illegal drugs. The reviewing judge’s chief criticism of the affidavit was the conclusory nature of the assertion that the targeted phone number was connected to Appellee. Although the affidavit stated that the affiant had confirmed that the number was registered to Appellee in “AT & T records,” the reviewing judge found the affidavit did not establish that detectives had “looked at” these records. We conclude that this fact may be reasonably inferred from the assertions in the affidavit.
The reviewing judge also criticized the detectives’ failure to telephone the targeted phone number to verify that Appellee actually answered the phone. In light of all the other facts asserted in the affidavit, this investigative step was clearly unnecessary to link Appellee and the phone number to the criminal conspiracy. The targeted phone number was abundantly connected to both the criminal conspiracy and to Appellee. The reviewing judge was obligated to defer to the issuing judge regarding the sufficiency of the affidavit, absent a “clear showing that the issuing judge abused his or her discretion in relying on the information in the affidavit.” State v. Oliveras, 65 So,3d 1162,1165 (Fla. 5th DCA 2011). In this case, the reviewing judge exceeded this authority.
REVERSED AND REMANDED.
ORFINGER, TORPY and BERGER, JJ., concur.